UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VERA STERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05CV77 FRB |
| | ) |
| THE VARSITY GROUP, INC./JOMAR | ) |
| INVESTMENTS/DENNY'S, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Presently pending before the Court are plaintiff's Motions for Appointment of Counsel (filed May 19, 2005/Docket No. 3; filed July 22, 2005/Docket No. 7). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 623, et seq., after being granted leave to proceed in forma pauperis. Plaintiff seeks the appointment of counsel to assist her with her claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present her claim, and the complexity of the legal issues. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998);

Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

The facts of this case are not complex. Plaintiff alleges that defendant retaliated against her and unlawfully terminated her employment on account of her sex, race and age in that persons not within such protected class(es) were not terminated from their employment after having engaged in similar conduct which defendant alleges plaintiff to have engaged in, specifically, absenteeism and rule violations.

Further, a reading of plaintiff's Complaint shows plaintiff to be able to investigate crucial facts. Plaintiff has identified the specific circumstances giving rise to her claim, including the dates upon which such conduct is alleged to have occurred and the identities of persons involved in the conduct. As to whether conflicting testimony exists in this case, the undersigned notes that defendant has only recently been served and the case is in its preliminary stage. Defendant's Answer is due to be filed on October 13, 2005, and the time for filing motions for summary judgment has not yet been determined. Therefore, evidence relating to plaintiff's claim has not yet been developed before the Court for consideration. If and when any such motions are filed, the determination of whether conflicting testimony exists in this case will be evident upon their ruling. Because the factual nature of this case is not complex and plaintiff has provided the Court

with details giving rise to her claim, the undersigned finds at this time that plaintiff is able to present her claim to the Court.

Finally, the complexity of the legal issues does not merit an appointment of counsel at this time. Plaintiff brings Title VII and ADEA claims that defendant unlawfully retaliated and discriminated against her in her employment on account of race, sex and age. These claims do not involve overly complex issues of law.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motions for Appointment of Counsel (Docket Nos. 3, 7) are denied without prejudice.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _30th_ day of September, 2005.